■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Respondents, Relative to Acquiring Title to Real Estate for the City of New York, in the Counties of Sullivan and Orange. ELIAS H. JACOBS et al., as Commissioners of Appraisal, et al., Appellants.— Appeal from an order amending a prior ex parte order extending the terms of office of commissioners of appraisal. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellants, Relative to Acquiring Title to Real Estate for the City of New York, in the Counties of Sullivan and Orange. HENRY NEILSON et al., Respondents.— Appeal from an order which (a) directed the filing of an amended taking map so as to separately number and delineate the respective parcels of land involved and so as to show the extent of the interest or easement sought to be acquired with regard to each such parcel, (b) directed the board of water supply of the City of New York to give due notice to all interested parties or their attorneys as to where their respective claims shall be filed, and (c) decreed that the Statute of Limitations contained in the Administrative Code of the City of New York has been tolled by reason of the insufficiency of the prior notice to the respective interested parties. Order reversed, without costs, and motion denied. In our opinion the taking map is adequate and the notice is sufficient. The taking map is adequate if the extent and manner of delineation thereon comply with the Administrative Code. With respect to such map the Administrative Code (§ K41–5.0) requires only (1) that "the property division lines existing at the time of the survey shall be delineated", (2) that "there shall be plainly indicated those parcels of which the fee  *  *  *  is to be acquired", and (3) that there shall be similarly indicated those parcels over or through which a temporary or perpetual easement or right of user is to be acquired. The map here appears to comply with these practical statutory requirements. The city should not be compelled to search out and discover the boundaries of all other parcels which might be affected but which are beyond or outside the boundaries of the parcels as to which a fee or easement is to be acquired by the city. It would impose an undue burden upon the city to obligate it to discover and to delineate upon its map all such other "outside" parcels. Hence, as to such outside and unmapped parcels, the burden is properly cast upon their owners to assert their claims if they believe their parcels to be adversely affected by the condemnation proceeding (Administrative Code, § K41–44.0). For the same reasons the notice of the proceeding given by advertising and posting to such owners must be deemed sufficient. As the notice given is sufficient, it was error to hold that the Statute of Limitations prescribed by section K41–18.0 of the Administrative Code has been tolled because of the insufficiency of such notice. In any event, the determination as to the applicability of the Statute of Limitations with respect to each potential claim, must await its actual filing and rejection, and the determination must

be based upon the particular facts relating to each claim. Here, some of the property owners have not even filed their claims, and we are not informed as to the names, or the location of the property, of others. A prior omnibus determination made with respect to a group of claims in advance of their filing and rejection, is premature and furnishes an unsatisfactory basis for review. Nor is it necessary or advisable to place upon the city the burden of giving to all "interested parties" or their attorneys notice "as to where their respective claims shall be filed". The statute already does that, and hence any further or different notice by the city would be ineffectual and invalid. Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm, with the following memorandum: In our opinion, the taking map did not adequately comply with requirements of the Administrative Code as to delineation and mapping of these claimants' parcels. These claimants own parcels away from the Neversink River; their deeds, however, gave them a right of way to the river over adjoining river-front property (retained by the common grantor) and also gave them the right to use the common grantor's beach and the river in front of it for swimming, boating and fishing. These water rights of claimants constitute "real estate", which may not be taken by the city without just compensation (Administrative Code, § K41-26.0; *Matter of Van Etten* v. *City of New York*, 226 N. Y. 483, 486). The Administrative Code is replete with provisions which specifically and inferentially require the mapping and full delineation of parcels of "real estate" to be taken or affected by the city (see Administrative Code, §§ K41-5.0, K41-7.0–K41-9.0, K41-11.0–K41-13.0, K41-21.0). It is clear that these claimants' parcels were not mapped and delineated as required by the statute. In view of these defects in the map, all proceedings taken and notices given in the condemnation proceeding, which affect or impair claimants' water rights, are invalid as to them, since all notices and proceedings therein are based upon and related to the taking map. Consequently, title to claimants' water rights never vested in the city, their claims are not barred by the Statute of Limitations contained in the Administrative Code, and the Special Term was justified and authorized to direct the filing of an amended taking map by the city (Administrative Code, § K41-24.0; see *Walker* v. *City of Hutchinson*, 352 U. S. 112). We do not believe the relief granted by the Special Term was premature or too broad, since the record clearly discloses that the city will object to the filing of any claims by these claimants on the ground that they are barred by the Statute of Limitations, and a general amendment of the taking map at this time would cure past, pending and future proceedings taken with respect to this map. We think the order of the Special Term should be affirmed.